IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-339-D

| | |
|---|---|
| DELLA WILSON MCDONALD, as Administrator of the Estate of Calvin Wilson, <br><br> Plaintiff, <br><br> v. <br><br> BART SUGGS, in his individual capacity and as an officer of the City of Fayetteville Police Department; TOM MCCARTHY, Chief of the City of Fayetteville Police Department; and the CITY OF FAYETTEVILLE, <br><br> Defendants. | **ORDER** |

This civil action was removed to this court on August 29, 2007. On September 4, 2007, defendants Bart Suggs ("Suggs"), Tom McCarthy ("McCarthy"), and the City of Fayetteville ("City") (collectively, "defendants") moved to dismiss plaintiff Della Wilson McDonald's ("plaintiff") complaint. On October 24, 2007, plaintiff responded in opposition. On November 9, 2007, plaintiff filed an amended complaint. On November 27, 2007, defendants filed a motion to dismiss the amended complaint. Because there were no substantive changes in the amended complaint, both parties relied on their memoranda with respect to the motion to dismiss the original complaint. On January 18, 2008, the court denied defendants' motion to dismiss the original complaint as moot.

On February 26, 2008, defendants filed a motion to compel. On March 11, 2008, defendants filed a supplement to their motion to compel. On April 15, 2008, plaintiff responded in opposition.

The court held oral argument on all pending motions on May 7, 2008. For the reasons discussed below and in open court, defendants' motion to compel was granted, and defendants'

motion to dismiss the amended complaint was granted in part and denied in part.

I.

The court first addressed defendants' motion to compel. On December 12, 2007, defendants served their first set of interrogatories and requests for production on plaintiff. Defs.' Mot. to Compel Disc. Exs. 1 & 2. Assuming that the three-day period in Federal Rule of Civil Procedure 6(d) applies, plaintiff's responses were due by January 17, 2008. See Defs.' Mot. to Compel Disc. Ex. 1; id. Ex. 2; Fed. R. Civ. P. 6(d). On January 8, 2008, plaintiff's counsel contacted defendants' counsel to ask for an extension of time to respond to the interrogatories and requests for production. Defs.' Mem. in Supp. of Mot. to Compel Disc. 1 [hereinafter "Defs.' Disc. Mem."]. Defendants' counsel extended the deadline to January 31, 2008. Id.; see Defs.' Mot. to Compel Disc. Ex. 3.

Plaintiff did not timely respond. Defs.' Disc. Mem. 2. On February 15, 2008, defendants' counsel wrote to plaintiff's counsel regarding the outstanding discovery. Defs.' Mot. to Compel Disc. Ex. 5. On February 19, 2008, plaintiff's counsel told defendants' counsel that the responses were basically complete, and that he hoped to provide them by February 25, 2008. Defs.' Disc. Mem. 2. On February 20, 2008, defendants' counsel wrote to plaintiff's counsel, stating that if defendants did not receive responses by 5:00 p.m. on February 25, 2008, then defendants would file a motion to compel. Defs.' Mot. to Compel Disc. Ex. 6. Plaintiff did not timely respond, and defendants filed their motion to compel on February 26, 2008. Defs.' Disc. Mem. 4. Defendants certified that they had attempted to resolve this discovery dispute in good faith. Id. at 2.

On March 3, 2008, defendants received plaintiff's discovery responses. Supplement to Defs.' Mot. to Compel Disc. Ex. 1. Defendants reviewed these responses, and concluded that they were insufficient. See id. Although defendants alleged several deficiencies in the responses, they took particular issue with plaintiff's responses to interrogatories six and ten. See id. Essentially, plaintiff

2

responded to specific contention interrogatories by stating that plaintiff was still conducting discovery concerning the allegations referenced in the contention interrogatories. See Pl.'s Resp. to Defs.' Mot. to Compel [hereinafter "Pl.'s Disc. Resp."] Ex. A. Defendants confirmed at oral argument that plaintiff's answers to interrogatories six and ten were the focus of their motion.

On April 15, 2008, more than one month after defendants supplemented their motion to compel, plaintiff responded. See Pl.'s Disc. Resp. 3. Plaintiff urged the court to consider several mitigating factors. Id. at 1. Plaintiff first argued that the delay was excusable because plaintiff's counsel is located in Charlotte, North Carolina, while most witnesses in this case are located in Fayetteville, North Carolina, some 130 miles away. Id. Plaintiff next argued that the delay was excusable because a work product issue arose between plaintiff's two attorneys, and the attorneys needed to determine whether a potentially discoverable document was privileged. Id. Finally, plaintiff argued that the delay was excusable because plaintiff's counsel discovered a new material witness, and withheld the discovery responses in order to interview her and to include her affidavit with the responses. Id. at 2. Plaintiff further argued that counsel had supplemented the responses to interrogatories six and ten, and that plaintiff had acted in good faith. Id. Plaintiff also implied that the delay was defendants' fault, because defendants had withheld discoverable information by being overly picayune about the terms of a protective order. Id.

A party served with interrogatories or requests for production must respond within 30 days. See Fed. R. Civ. P. 33(b)(2) (interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (requests for production). When a party fails to timely respond, the opposing party may move for an order compelling disclosure. See Fed. R. Civ. P. 37(a). An evasive or incomplete answer is treated as a failure to respond. See Fed. R. Civ. P. 37(a)(4). Before moving to compel, the aggrieved party must certify that it has attempted to resolve the discovery issue in good faith. See Fed. R. Civ. P. 37(a)(1). The

3

court has discretion to grant or deny the motion to compel. See, e.g., Erdmann v. Preferred Research, Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988). If the court grants the motion, it must order the offending party, the offending party's counsel, or both to pay the movant's expenses, unless the movant did not attempt to resolve the discovery dispute in good faith, the nonmoving party's failure was substantially justified, or awarding expenses would be unjust. See Fed. R. Civ. P. 37(a)(5)(A).

Here, plaintiff received defendants' consent to extend the deadline for the discovery responses and still failed to meet the extended deadline. Plaintiff filed tardy and incomplete responses. Even plaintiff's response to defendants' motion to compel was over 20 days late. See Local Civil Rule 7.1(e)(2), EDNC ("Responses and accompanying documents relating to discovery motions shall be filed within ten (10) days after service of the motion in question unless otherwise ordered by the court."). At oral argument, the court considered all of plaintiff's purported mitigating circumstances, and found them wanting. The court therefore granted defendants' motion to compel. The court ordered plaintiff to submit full and complete responses to defendants' interrogatories six and ten—in a single, consolidated document without cross-references—not later than May 13, 2008.

In granting the motion to compel, the court rejected defendants' argument that the court should dismiss plaintiff's action as a sanction for plaintiff's discovery misconduct. Of course, the court realizes that a court may impose sanctions on a party who fails to respond to interrogatories. See Fed. R. Civ. P. 37(d)(1)(A)(ii). Further, dismissal is a possible sanction for discovery misconduct. See Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(b)(2)(A)(v). However, dismissal is generally inappropriate as a first-level sanction. See Anderson v. Found. for Advancement, Educ., & Employment of Am. Indians, 155 F.3d 500, 504–05 (4th Cir. 1998) (finding parallel sanction of default judgment warranted "as a last-resort sanction following . . . continued disregard of prior warnings"). Moreover, a court usually must provide prior notice to the offending party that failure

4

to comply with the court's orders may result in dismissal. See Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995) ("[T]his court has emphasized the significance of warning a [litigant] . . . before entering such a harsh sanction."). Nonetheless, the court expressly warned plaintiff at oral argument that continued discovery misconduct could lead to more serious sanctions, up to and including dismissal. See, e.g., id.

This warning applies to defendants as well. Defendants' attorneys "have experience representing municipalities and police officers in similar disputes." James C. Thornton Aff. [D.E. 35] ¶ 5. Defendants' counsel recently litigated Curtis v. Blanco, 5:05-CV-728-BO (E.D.N.C.), a case similar to this case. Defendants' counsel should be able to negotiate an unobjectionable protective order that will allow the parties to complete discovery expeditiously. See Pl.'s Disc. Resp. Ex. C ("We have been continually haggling over this proposed Consent Order. The Defendants have refused to draft the Consent Order . . . .").

Finally, as part of resolving the motion to compel, the court granted defendants their "reasonable expenses." See Fed. R. Civ. P. 37(a)(5)(A). The court reviewed an affidavit submitted by defendants in support of their expenses (including attorneys' fees). See Thornton Aff. Defendants asked for $3000 in expenses (including attorneys' fees), but the court found this amount unreasonable. Instead, the court awarded defendants seven hours of attorney time and one hour of paralegal time as expenses. The court determined this amount to be $1655. The court imposed this sanction on plaintiff's counsel (as opposed to plaintiff), and ordered counsel to pay this amount to defendants not later than May 23, 2008. See Fed. R. Civ. P. 37(a)(5)(A).

II.

The court then addressed defendants' motion to dismiss the amended complaint. Plaintiff is the mother of Calvin Wilson ("decedent") and the administrator of his estate. Am. Compl. ¶¶ 4–5.

5

Plaintiff has sued the City of Fayetteville, Police Chief Tom McCarthy, and Officer Bart Suggs. Plaintiff's amended complaint alleges that Suggs conducted an illegal traffic stop upon decedent and then shot and killed him without justification on November 3, 2005. See id. ¶¶ 12, 18–22. Plaintiff appears to allege that Suggs also illegally stopped decedent two times prior to November 3, 2005. See id. ¶¶ 13–14. Plaintiff's amended complaint includes a wrongful death claim, an assault and battery claim, two claims for violation of 42 U.S.C. § 1983, two claims for violation of the North Carolina Constitution under Corum v. University of North Carolina, 330 N.C. 761, 413 S.E.2d 276 (1992) ("Corum claims"), and a negligent supervision claim.

A.

Defendants argued for dismissal of certain claims in the amended complaint on various grounds. Unfortunately, plaintiff's amended complaint is ambiguous. At oral argument, the court discussed each claim with plaintiff's counsel to clarify the allegations and claims at issue, and ruled on defendants' motion after receiving clarification and several stipulations from plaintiff's counsel.

Count one of plaintiff's amended complaint is for wrongful death. After discussion with the court, plaintiff clarified that this claim is only against Suggs in his individual capacity and against the City.

Count two of plaintiff's amended complaint is for assault and battery. Plaintiff clarified that this claim is only against Suggs in his individual capacity and against the City.

Count three of plaintiff's amended complaint alleges a violation of 42 U.S.C. § 1983 based upon decedent's Fourth and Fourteenth Amendment rights. Count three also includes a Corum claim. Plaintiff clarified that the section 1983 claim is against Suggs in his individual capacity and against the City, and that the Corum claim is only against Suggs in his official capacity.

Count four of plaintiff's amended complaint alleges a violation of 42 U.S.C. § 1983 based

6

upon excessive force. Count four also includes a Corum claim. Plaintiff clarified that the section 1983 claim is only against Suggs in his individual capacity and against the City, and that the Corum claim is only against Suggs in his official capacity.

Finally, count five of plaintiff's amended complaint is for negligent supervision. Plaintiff clarified that this claim is only against the City.

B.

A motion to dismiss tests the legal sufficiency of a complaint. See, e.g., Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964–70 (2007); Giarratano v. Johnson, 521 F.3d 298 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006); accord Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam). In conducting its review, a court must view the facts in the light most favorable to the plaintiff, but "need not accept the legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Kloth, 444 F.3d at 319 (quotation omitted).

1.

Defendants first argued that all claims against Suggs and McCarthy in their official capacities should be dismissed because they duplicate claims against the City. See Defs.' Mem. in Supp. of Mot. to Dismiss 3 [hereinafter "Defs.' Dismissal Mem."]. In support, defendants cited several cases, including Kentucky v. Graham, 473 U.S. 159 (1985), and Love-Lane v. Martin, 355 F.3d 766 (4th Cir. 2004).

At oral argument, plaintiff conceded that the section 1983 claims against Suggs and McCarthy in their official capacities were duplicative of the claims against the City, but argued that the Corum claims against Suggs were not duplicative. At oral argument, the court granted

7

defendants' motion to dismiss with respect to the section 1983 claims against Suggs and McCarthy in their official capacities. See, e.g., Love-Lane, 355 F.3d at 783 ("The district court correctly held that the § 1983 claim against [a government employee] in his official capacity . . . is essentially a claim against [the government entity for which he works] and thus should be dismissed as duplicative.").

2.

Plaintiff's second claim is for assault and battery, and plaintiff's fifth claim is for negligent supervision. Defendants argued that both of these claims should be dismissed because they are "encompassed by" plaintiff's state-law wrongful death claim. See Defs.' Dismissal Mem. 4–5.

North Carolina has two statutory regimes under which someone may recover for a decedent's death. Under N.C. Gen. Stat. § 28A-18-1, the "survival statute," all rights existing both in favor of and against a person survive that person's death, and the decedent's personal representative can assert them or be subject to suit for them on the decedent's behalf. See N.C. Gen. Stat. § 28A-18-1. Similarly, under N.C. Gen. Stat. § 28A-18-2, the Wrongful Death Act ("WDA"), where a person is killed by the wrongful act of another, the wrongdoer is liable in an action for damages that the decedent would have had supposing that the decedent had not died. See N.C. Gen. Stat. § 28A-18-2. Under North Carolina law, "any common law [survival] claim which is now encompassed by the wrongful death statute must be asserted under [the WDA]." Christenbury v. Hedrick, 32 N.C. App. 708, 712, 234 S.E.2d 3, 5 (1977).

A claim is "encompassed by" the WDA where it seeks "items of damage which might conceivably have been . . . includable in an action for damages for death by wrongful act." Id. at 713, 234 S.E.2d at 6. Therefore, when a survival action seeks damages that are recoverable under the WDA, the survival action must be dismissed. See, e.g., State Auto Ins. Co. v. Blind, ___ N.C.

8

App. ___, 650 S.E.2d 25, 27-28 (2007). The types of damages recoverable under the WDA are:

> (1) Expenses for care, treatment and hospitalization incident to the injury resulting in death;
> (2) Compensation for pain and suffering of the decedent;
> (3) The reasonable funeral expenses of the decedent;
> (4) The present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected;
>     a. Net income of the decedent,
>     b. Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered,
>     c. Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;
> (5) Such punitive damages as the decedent could have recovered pursuant to Chapter 1D of the General Statutes had he survived, and punitive damages for wrongfully causing the death of the decedent through malice or willful or wanton conduct, as defined in [N.C. Gen. Stat.] 1D-5;
> (6) Nominal damages when the jury so finds.

N.C. Gen. Stat. 28A-18-2(b).

Here, plaintiff admitted that the assault and battery which allegedly occurred on November 3, 2005 (where Suggs allegedly shot and killed decedent without justification) was "encompassed by" the WDA and should be dismissed. However, at oral argument, plaintiff suggested that the assault and battery claim should not be wholly dismissed, because there were at least two other assaults on decedent. In support, plaintiff cited the allegation that Suggs had illegally stopped decedent on at least two occasions before the shooting on November 3, 2005. See Am. Compl. ¶ 13. Plaintiff argued that, although the language of the amended complaint referenced only "*the* assault and battery upon [decedent] by *use* of a firearm by Officer Suggs," id. ¶ 40 (emphasis supplied), this allegation actually included the two alleged prior illegal traffic stops because police officers are always armed and decedent was therefore in reasonable apprehension of imminent bodily harm each time he was illegally stopped.

The court rejected this argument because it is not supported by the language of the amended

9

complaint. Plaintiff could have attempted to further amend her complaint, but did not. The court therefore granted this portion of defendants' motion and dismissed plaintiff's assault and battery claim.

The court next turned to the negligent supervision claim. Defendants first argued that the negligent supervision claim was encompassed by the WDA because the amended complaint does not "clearly assert[] a distinct survival action." Defs.' Dismissal Mem. 4. At oral argument, defendants urged the court to look to the prayer for relief in plaintiff's amended complaint and the civil cover sheet to the original complaint to hold that plaintiff did not actually allege any claim under the survival statute because these items suggest that plaintiff brought only a wrongful death claim.

"[W]here, upon reading the complaint as a whole, the complaint appear[s] to allege only a single claim for wrongful death, a plaintiff [has] not stated a claim for a [survival statute] action." Alston v. Britthaven, Inc., 177 N.C. App. 330, 336, 628 S.E.2d 824, 829 (2006), disc. rev. denied, 361 N.C. 218, 642 S.E.2d 242 (2007). Although plaintiff's amended complaint is not a model of clarity, upon reading it "as a whole," the negligent supervision claim in the amended complaint survives the motion to dismiss. The court will revisit this issue at the summary judgment stage if necessary.

3.

Defendants moved to dismiss the negligent supervision claim against McCarthy in his individual capacity as barred by the public official immunity doctrine. At oral argument, plaintiff clarified that she is not pursuing her negligent supervision claim against McCarthy. The court therefore denied this portion of defendants' motion to dismiss as moot.

4.

Defendants moved to dismiss plaintiff's request for punitive damages against Suggs and McCarthy in their official capacities and against the City. Punitive damages are unavailable against municipalities under 42 U.S.C. § 1983 and North Carolina law. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) ("[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983."); Long v. City of Charlotte, 306 N.C. 187, 208, 293 S.E.2d 101, 115 (1982) ("We hold that in the absence of statutory provisions to the contrary, municipal corporations are immune from punitive damages."). Therefore, punitive damages are also unavailable against municipality employees sued in their official capacities. See Graham, 473 U.S. at 166 ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); Crain v. Butler, 419 F. Supp. 2d 785, 793 (E.D.N.C. 2005) ("[C]ourts in North Carolina have applied Long to prohibit claims for punitive damages against officers of local governments in their official capacities.").

Plaintiff admitted that she cannot recover punitive damages against the City or against Suggs and McCarthy in their official capacities. Plaintiff clarified that she only seeks punitive damages against Suggs in his individual capacity. The court therefore granted this portion of defendants' motion to dismiss.

5.

Finally, defendants argued that plaintiff's Corum claims should be dismissed because plaintiff has an adequate alternative state-law remedy. In Corum, the North Carolina Supreme Court held that a plaintiff may assert a claim against a state actor in the state actor's official capacity directly under the self-executing provisions of the North Carolina Constitution. See 330 N.C. at 781–86, 413 S.E.2d at 289–91. However, a plaintiff may not invoke Corum unless she has no other

11

adequate state-law remedy. See, e.g., id. at 782, 413 S.E.2d at 289. A remedy is "adequate" if it is an "available, existing, applicable remedy." Craig ex rel. Craig v. New Hanover County Bd. of Educ., ___ N.C. App. ___, 648 S.E.2d 923, 927 (2007).

Here, defendants argued that plaintiff has an adequate alternative state-law remedy through her wrongful death claim, and she therefore does not need to sue under the North Carolina Constitution. Defs.' Dismissal Mem. 7–8. However, plaintiff's theory in count three is that Suggs violated decedent's rights on at least two occasions different than the date of the shooting and that these two other incidents were not included in the wrongful death claim. See Am. Compl. ¶ 13. The court cannot conclude as a matter of law at this stage that these two other incidents are inseparable from the death following the November 3, 2005 incident or that there is another state-law remedy for these two other incidents. The court therefore denied this portion of defendants' motion. The court will revisit this issue at the summary judgment stage if necessary.

The court has reflected on this matter since oral argument. The court reviewed plaintiff's brief and plaintiff's contentions at oral argument, and finds that plaintiff's "other incidents" theory applies only to the Corum claim in count three. The Corum claim in count four is based on Suggs' alleged use of excessive force exclusively on November 3, 2005, where Suggs allegedly shot and killed decedent without justification. See Am. Compl. ¶¶ 44–45. The gunshots that allegedly constituted excessive force allegedly resulted in decedent's death. See id. ¶ 34 ("As a direct and proximate result of the conduct complained of . . . , [decedent] received painful and permanent injuries resulting in his death and medical expenses incurred."). A wrongful death claim would compensate plaintiff for decedent's pre-death pain and suffering and medical expenses incident to the gunshot wounds. See N.C. Gen. Stat. 28A-18-2(b). Accordingly, plaintiff has an alternative state-law remedy for the injuries alleged in the Corum claim in count four of the amended complaint,

12

and the court today dismisses the Corum claim in count four. See Olvera v. Edmundson, 151 F. Supp. 2d. 700, 705 (W.D.N.C. 2001) (dismissing Corum claim for allegedly wrongful police shooting because wrongful death action would compensate plaintiff for the same injuries); London v. Hamilton, No. CA 3:95CV347-MCK, 1996 WL 942865, at *9 (W.D.N.C. Nov. 27, 1996) (unpublished) (same).

C.

In sum, after receiving several clarifications and stipulations from plaintiff, the court granted defendants' motion to dismiss the amended complaint in part and denied it in part. As a result, the following claims remain pending in this case:

| Amended Complaint Count | Claim | Defendants & Capacities | Punitive Damages Sought? |
|---|---|---|---|
| One | Wrongful Death | Suggs (Indiv.); City | Yes (Suggs) |
| Three | 42 U.S.C. § 1983 | Suggs (Indiv.); City | Yes (Suggs) |
|  | Corum | Suggs (Off.) | No |
| Four | 42 U.S.C. § 1983 | Suggs (Indiv.); City | Yes (Suggs) |
| Five | Negligent Supervision | City | No |

III.

For the reasons discussed above and in open court, defendants' motion to compel discovery is GRANTED, and defendants' motion to dismiss the amended complaint is GRANTED IN PART and DENIED IN PART.

SO ORDERED. This **20** day of May 2008.

JAMES C. DEVER III
United States District Judge