IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-339-D

| | | |
|---|---|---|
| DELLA WILSON MCDONALD, as Administrator for the Estate of Calvin Wilson, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| BART SUGGS, in his individual capacity as an officer of the City of Fayetteville Police Department; TOM MCCARTHY, Chief of the City of Fayetteville Police Department; and the CITY OF FAYETTEVILLE, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Officer Bart Suggs ("Officer Suggs") of the Fayetteville Police Department shot and killed Calvin Wilson ("Wilson") during a traffic stop. Wilson's mother, as administrator of Wilson's estate, seeks to recover damages from Officer Suggs and the City of Fayetteville (collectively "defendants"). On May 20, 2008, the court dismissed some claims and some federal and state claims remain [D.E. 37]. In this order, the court addresses a variety of pending motions.

I.

On May 29, 2008, plaintiff Della Wilson McDonald ("plaintiff") filed a motion and supporting memorandum to extend the time for discovery and to compel the defendants to provide complete responses to certain interrogatories and requests for production of documents and a video of the shooting at issue, and to reconvene the deposition of Officer Suggs [D.E. 39]. The video was taken via dashboard video equipment installed in Officer Suggs' patrol car. On May 30, 2008, defendants responded in opposition [D.E. 40]. On May 30, 2008, defendants also filed a motion for

sanctions under Federal Rule of Civil Procedure 37(a) due to plaintiff's alleged incomplete responses to certain interrogatories [D.E. 42, 43]. Plaintiff responded in opposition on June 19, 2008 [D.E. 47, 48]. Also, on May 30, 2008, defendants filed an unopposed motion for in camera review of the dashboard video of the shooting at issue [D.E. 44]. On the same date, defendants filed a motion for summary judgment and a supporting memorandum [D.E. 45, 46]. On June 19, 2008, plaintiff filed a memorandum in response and a Rule 56(f) affidavit to stay ruling on defendants' motion for summary judgment pending plaintiff's receipt of certain discovery, including the dashboard video of the shooting at issue [D.E. 49]. On June 19, 2008, plaintiff also filed a motion to exclude certain exhibits allegedly not disclosed during discovery [D.E. 50, 51]. On July 7, 2008, defendants responded in opposition [D.E. 52]. Finally, on July 14, 2008, defendants filed a reply to plaintiff's response to its motion for summary judgment [D.E. 54].

II.

Plaintiff's motion to compel [D.E. 39] seeks certain evidence that defendants claim is privileged under N.C. Gen. Stat. § 132-1.4 or § 160A-168. The evidence includes the dashboard video of the shooting at issue. Defendants state that they will produce the evidence upon entry of an appropriate protective order.

Section 160A-168 concerns the privacy of city employee records and provides:

> (a) Notwithstanding the provisions of . . . any other general law or local act concerning access to public records, personnel files of employees, former employees, or applicants for employment maintained by a city are subject to inspection and may be disclosed only as provided by this section. . . .
>
> (b) The following information with respect to each city employee is a matter of public record: name; age; date of original employment or appointment to the service; the terms of any contract by which the employee is employed whether written or oral, past and current, to the extent that the city has the written contract or a record of the oral contract in its possession; current position title; current salary; date and amount of the most recent increase or decrease in salary; date of the most recent promotion,

demotion, transfer, suspension, separation, or other change in position classification; and the office to which the employee is currently assigned. . . .

(c) All information contained in a city employee's personnel file, other than the information made public by subsection (b) of this section, is confidential and shall be open to inspection only in the following instances:

. . . .

(4) By order of a court of competent jurisdiction, any person may examine such portion of an employee's personnel file as may be ordered by the court.

N.C. Gen. Stat. § 160A-168.

Section 132-1.4 concerns protection of criminal investigations and states:

(a) Records of criminal investigations conducted by public law enforcement agencies, records of criminal intelligence information compiled by public law enforcement agencies, and records of investigations conducted by the North Carolina Innocence Inquiry Commission, are not public records as defined by G.S. 132-1. Records of criminal investigations conducted by public law enforcement agencies or records of criminal intelligence information may be released by order of a court of competent jurisdiction.

N.C. Gen. Stat. § 132-1.4. Both section 160A-168 and section 132-1.4 permit release of information upon an "order of a court of competent jurisdiction." N.C. Gen. Stat. §§ 160A-168(c)(4), 132-1.4(a).

During discovery, the parties (through counsel) haggled over a protective order designed to permit defendants to produce responsive discovery that defendants contend encompassed materials covered by N.C. Gen. Stat. §§ 160A-168 and 132-1.4. The haggling continued up until the close of discovery, and defendants never produced the requested discovery, reached agreement with plaintiff on a protective order, or moved for a protective order.

Plaintiff's motion to compel asks the court (1) to compel complete disclosure as to certain interrogatories and document requests; (2) to permit the deposition of Officer Suggs to be reconvened after disclosure of discovery and after plaintiff has an opportunity to view the dashboard video; (3) to permit plaintiff to continue to conduct discovery for sixty days after the receipt of the

3

discovery; and (4) to award attorney fees and costs. Defendants oppose the motion to compel and make a variety of arguments.

Initially, the court rejects defendants' argument that plaintiff failed to confer in good faith before filing the motion to compel. Moreover, the court finds that defendants failed to seek a timely protective order. In a case like this one "involving both federal and state law claims, the federal law of privilege applies." Virmani v. Novant Health Inc., 259 F.3d 284, 286 n.3 (4th Cir. 2001). Sections 160A-168 and 132-1.4 are not federal laws of privilege. See Thomas v. City of Durham, No. 1:98CV00706, 1999 U.S. Dist. LEXIS 5361, at *3 (M.D.N.C. Apr. 6, 1999) (unpublished). "On the other hand, when there is a specific state law created privilege, a federal court may give effect to that privilege after conducting a balancing test which weighs the historical and policy considerations underlying the state privilege against any harm to the federal interest." Id. In applying the balancing test in this case, the court "finds nothing inimical to the federal interest should it recognize and apply" sections 160A-168 and 132-1.4. See id. at *3–4. "Indeed, under Fed. R. Civ. P. 26(c), the [c]ourt may protect any party from annoyance or embarrassment, even without a specific state statute. The [c]ourt finds that the privacy concerns of the state [statutes] are in line with the Federal Rules of Civil Procedure." Id. at *4. Accordingly, the court will enforce the North Carolina statutory protections.

Both statutes provide for the release of covered information by court order. See N.C. Gen. Stat. §§ 160A-168(c)(4), 132-1.4(a). "Pursuant to Fed. R. Civ. P. 26(c), the [c]ourt may satisfy both the federal interest for disclosure and the state interest of privacy by regulating the scope of disclosure of the information pursuant to a protective order." Thomas, 1999 U.S. Dist. LEXIS 5361, at *5; see also Simmons v. Justice, No. 1:99CV141-T, 2000 U.S. Dist. LEXIS 19337, at *1–2

4

(W.D.N.C. Sept. 22, 2000) (unpublished) (discussing section 132-1.4).[1]

In this case, defendants mistakenly assume that plaintiff had the duty to file a motion for a protective order or prepare a proposed protective order. In fact, the proponent of the privilege of confidentiality bears the burden of proof and must seek protection. See, e.g., Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 413 (M.D.N.C. 1991). "If the parties cannot agree on a protective order, then within a reasonable time, the party desiring the protective order must file a motion requesting one." Id. at 414; see also Laughon v. Jacksonville Sheriff's Office, No. 3:06-cv-692-J-25HTS, 2007 WL 1247305, at *2 (M.D. Fl. Apr. 30, 2007) (unpublished); Mason C. Day Excavating, Inc. v. Lumbermens Mut. Cas. Co., 143 F.R.D. 601, 609 (M.D.N.C. 1992).

Although defendants could have moved for a protective order at any time after receiving plaintiff's discovery requests, defendants failed to do so. Neither defense counsel nor plaintiff's counsel helped to resolve this straightforward dispute. Nevertheless, the court today has entered a protective order to protect the confidentiality of the information subject to N.C. Gen. Stat. §§ 160A-168 and 132-1.4. Moreover, the court hereby GRANTS IN PART plaintiff's motion to compel [D.E. 39] and orders defendant Suggs to respond to interrogatories 1–3, 10, 14, 16, 20, 21–22, 25, and 26 propounded to him, orders defendant City of Fayetteville to respond to interrogatories 5, 6, 10, 12, 13, 16–18, 21, and 22 propounded to it, and orders defendant City of Fayetteville to respond to request for production of documents 5–14 propounded to it. Defendants shall provide complete responses not later than April 17, 2009. The deposition of Officer Suggs shall be reconvened

---

[1] The Thomas court concluded that section 160A-168 did not establish a "true privilege" but "merely a declaration that some information should be treated as confidential, much as sensitive business or personal information." Thomas, 1999 U.S. Dist. LEXIS 5361, at *5 n.2. The same conclusion applies to section 132-1.4.

5

between April 24, 2009, and May 22, 2009, and plaintiff shall be permitted to depose Officer Suggs. The court DENIES plaintiff's general request to reopen all discovery for sixty days. In its discretion, the court also DENIES plaintiff's request for attorney's fees and costs concerning plaintiff's motion to compel. See Fed. R. Civ. P. 37(a)(5).

As for defendants' motion for sanctions [D.E. 42], the court DENIES it. Nevertheless, once plaintiff receives the defendants' responses to the discovery requests described above, and completes the deposition of Officer Suggs, plaintiff shall fully respond to interrogatories 6 and 10. Plaintiff shall provide complete responses to defendants not later than June 1, 2009.

As for defendants' motion for in camera review of the video at issue [D.E. 44], the court GRANTS the motion. Once defendants renew their motion for summary judgment (as described below), the court will make the necessary arrangements to review the video.

As for defendants' motion for summary judgment [D.E. 45], the court DENIES WITHOUT PREJUDICE the motion for summary judgment. In light of the resolution of the pending discovery issues in this order and plaintiff's Rule 56(f) affidavit, the court will permit defendants to file a new motion for summary judgment and supporting memorandum not later than July 1, 2009. Plaintiff's response and defendants' reply shall be filed in accordance with the time requirements in the Local Rules.

As for plaintiff's motion to exclude evidence [D.E. 50], the court DENIES the motion as moot.

SO ORDERED. This 30 day of March 2009.

JAMES C. DEVER III
United States District Judge

6

Case 5:07-cv-00339-D   Document 57   Filed 03/30/09   Page 6 of 6